UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLO ROBINSON

        Plaintiff,

v.                                                                   Case Number: 08-15279
                                                                   Honorable Julian Abele Cook, Jr.

CITY OF PONTIAC, et al

        Defendants.

ORDER

This lawsuit arises out of allegations by the Plaintiff, Marlo Robinson, that members of the Pontiac Michigan Police Department subjected her to, *inter alia*, an unlawful use of force, false arrest, false imprisonment, as well as a deprivation of her constitutional rights under the 4th and 14th Amendments to the U.S. Constitution, in violation of 42 U.S.C. § 1983. Currently pending before the Court is a motion by one of the Defendants, Robert Ford, who seeks to obtain an order of dismissal because of Robinson's alleged failure to complete the requisite service of process within the statute of limitations. (ECF 26).

I.

The procedural details of this litigation are essential to Ford's pending motion to dismiss. Robinson initiated this lawsuit against the City of Pontiac on December 26, 2008 - two years after the alleged events occurred. When the complaint was filed, Robinson failed to pay the requisite filing fee of $350. This fee was not received by the Clerk of this Court until January 6, 2009. At

Robinson's request, the Clerk issued a summons that was directed to the Defendants (i.e., City of Pontiac and its Chief of Police, Val Gross) on the following day. However, the record indicates that Robinson failed to serve the original summons and complaint on either Defendant within the requisite one hundred twenty day period, as set forth in Fed. R. Civ. P. 4(m).

On July 14, 2009, the Court - following its internal review of the records - issued an order which directed Robinson to "respond in writing or otherwise show good cause on or before July 24, 2009, why this action should not be dismissed for lack of progress in accordance with E.D. Mich. L.R. 41.2." For reasons that were never disclosed to the Court, Robinson did not respond to this directive until July 27, 2009. In her tardy response, she averred generally that the failure to effect service in a timely manner was due to an otherwise unidentifiable claim of "excusable neglect."

On December 26, 2009, Robinson filed an amended complaint in which she added a Pontiac police officer, Robert Ford, as a Defendant. However, it should be noted that she did not modify any of her claims against the two existing Defendants at that time (i.e., City of Pontiac and Gross). Without seeking any authority from the Court, Robinson asked the Clerk of the Court to issue a summons for Ford and the two other Defendants on the basis of the amended complaint. Acting upon her request, the Clerk of the Court issued the summons for all of the Defendants shortly thereafter.

The docket entries in this cause reflect that Robinson never served or attempted to serve the amended complaint on any of the Defendants in a timely manner. The City of Pontiac, through its counsel, acknowledged that on April 26, 2010, he received (1) the original complaint along with the original expired summons, and (2) the amended complaint with the newly obtained summons. Ford states that he was not served with the complaint until October 3, 2011.

On October 5, 2010, the Court dismissed Robinson's claims against the City of Pontiac because of her failure to properly serve the complaint. The Court concluded that Robinson had failed to articulate a good cause for failing to consummate service in a timely manner with a copy of the original summons and complaint. Thus, the Court found that a dismissal of the complaint against the City of Pontiac was justified under Fed. R. Civ. P. 12(b)(5) for insufficient service of process. The Court also determined that Robinson's attempts to file an amended complaint with a new summons against the City of Pontiac and Gross were legally defective and without any legal effect.

The order of the Court on October 5, 2010 also directed Robinson to show cause why this lawsuit should not be dismissed for lack of progress as it related to Defendants Gross, Ford, and the "John Doe" police officers in accordance with E.D. Mich. L.R. 41.2. In response, Robinson only urged the Court not to dismiss the lawsuit against Ford. According to Robinson, Ford received a copy of the complaint by certified mail on April 28, 2010 - two days after the expiration of the second summons.

In its order of September 28, 2011, the Court determined that Robinson had failed to establish good cause for extending the summons period, as authorized by Fed. R. Civ. P. 4(m), given the pattern of delay that she had established in prosecuting her complaint. However, the Court exercised its discretion under this Rule, and directed Robinson "within fourteen (14) days of [the] order to . . . (1) provide evidence that the April 28th attempt at service by certified mail [had been] accepted by Ford, or (2) actually serve the amended complaint upon him. Any failure by Robinson to strictly comply with the terms of this order will result in a dismissal of her complaint without further notice." This order also dismissed Robinson's claims against Gross and the "John Doe" Defendants, citing to her failure to prosecute these claims in a timely manner.

3

II.

Currently before the Court is Ford's motion to dismiss for failure to serve within the statute of limitations. In support of his dispositive motion, Ford submits that he was not served with the summons and complaint until October 3, 2011 - nearly five years after the incident which gave rise to the allegations within the complaint.

An aggrieved party must initiate a lawsuit within the time prescribed under the statute of limitations in order to avoid its application to the claims therein. Since 42 U.S.C. § 1983 does not provide its own statute of limitations, federal courts have borrowed the analogous limitations period from the forum state. *Roberson v. Tennessee*, 399 F.3d 792, 794. (6th Cir.2005). The State of Michigan provides for a three year statute of limitations period for civil rights actions under 42 U.S.C. § 1983. *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir.1988); *Wolfe v. Perry,* 412 F.3d 707, 714 (6th Cir.2005) ("We have held that the appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims") (citing to cases and Mich. Comp. Laws § 600.5805(10)).

III.

The alleged constitutional violations in this case occurred on December 26, 2006. As noted above, Robinson filed an amended complaint, in which Ford was added as a Defendant, on December 26, 2009. The summons that was issued by the Court Clerk pursuant to Fed. R.Civ.P. 4(m), required that service upon the affected adverse party to be completed within 120 days thereafter. The 120th day from the filing of the amended complaint was April 25, 2010.

With respect to the tolling requirements, the laws within the State of Michigan which govern the limitation of actions provide that "[t]he statutes of limitations or repose are tolled in any of the

following circumstances:

>(a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.
>(b) At the time jurisdiction over the defendant is otherwise acquired.
>(c) At the time notice is given in compliance with the applicable notice period under section [600.]2912b, if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given. Mich. Comp. Laws § 600.5856.

The Sixth Circuit has stated that "[t]he statute of limitations is not tolled in the absence of service of process or otherwise acquiring of jurisdiction." *Bufalino v. Michigan Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir.1968). Therefore, while the statute of limitations was tolled during the 120 days for service, it expired when Robinson failed to effectuate service on or before April 25, 2010.

There is no evidence that Robinson made any effort to serve Ford prior to April 25, 2010. At that point, the period, which tolled the statute of limitations, stopped. It should also be noted that Robinson has never sought an extension of time for the effectuation of service. Therefore, the record is clear that the statute of limitations - as applied to this case - was never tolled prior to April 25, 2010.

Nevertheless, Robinson urges the Court to adopt the equitable tolling doctrine in order to revive her claims. Several years ago, the Supreme Court declared that "[s]tatutes of limitations may . . . be waived, or excused by rules, such as equitable tolling, that alleviate hardship and unfairness" *Bowles v. Russell*, 551 U.S. 205, 219 (2007) (internal citation omitted). However, district courts have been advised that equitable tolling should be used sparingly, and "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir.2000). Thus, the doctrine of equitable tolling applies only if there are "compelling equitable

5

considerations" which justify its use. *Id.* at 561. The Sixth Circuit has identified the following five factors that a court should consider when determining if equitable tolling is appropriate in a particular case: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness [in] remaining ignorant of the particular legal requirement. *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir.1998). Although these factors are not exhaustive, the Sixth Circuit has cautioned that "equitable tolling must necessarily be determined on a case-by-case basis." *Id.*

The Court finds that none of these *Truitt* facts weigh in Robinson's favor. Indeed, the record reflects that she (1) was aware of the filing requirements, and (2) was represented by counsel from the beginning of this litigation. Robinson has not asserted any lack of notice of the service requirement. Moreover, she has received multiple orders which addressed her failure to properly serve the Defendants. Robinson's lack of diligence in pursuing this action has been evident from the beginning when she initially filed a complaint which was also not properly served. To allow Robinson to pursue this action would impose an unwarranted prejudice upon the Defendants in this action. Finally, there is no contention by Robinson that she was ignorant about the requirements of properly serving the complaint. In summary, there is no known basis for the statute of limitations to be tolled in this case.

IV.

Ford's motion is granted. (ECF 26), Accordingly, this complaint is dismissed because of Robinson's failure to serve the Defendants prior to the expiration of the applicable statute of limitations.

IT IS SO ORDERED.

Date: April 24, 2012                                       s/Julian Abele Cook, Jr.
                                                          JULIAN ABELE COOK, JR.
                                                          U.S. District Court Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on April 24, 2012.

                                                          s/ Kay Doaks
                                                          Case Manager